IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 15-1133 |
| v. | ) ) | Judge Cathy Bissoon |
| ALLEGHENY LUDLUM, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

For the reasons that follow, Allegheny Ludlum LLC's Motion to Dismiss (**Doc. 4**) will be granted.

**BACKGROUND**

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service-Workers International Union, AFL-CIO ("Plaintiff") is a labor organization representing certain employees of Allegheny Ludlum, LLC ("Defendant"). (Complaint (Doc. 1) at ¶¶ 2, 6). Their relationship extends back decades, and they have executed a number of collective bargaining agreements ("CBAs") over those years. Id. at ¶¶ 6-7. One such agreement is the "2011 Agreement between Allegheny Ludlum Corporation covering Office and Technical Salary Union Employees (Local 1196-1) and United Steelworkers," ("O&T Labor Agreement"). (Docs. 1-2, 1-3, 1-4, 1-5, 1-6). This agreement expired on June 30, 2015. (Doc. 1-2 at p. 2).

Article XV of the O&T Labor Agreement is titled "insurance grievances," and sets forth a procedure for resolving "any difference" that may arise between Defendant and a covered employee "as to the benefits payable to him pursuant to the Insurance Agreement because his claim was denied in whole or in part, or application of or compliance with the provisions of the Insurance Agreement . . ." (Doc. 1-3 at p. 77). The grievance process culminates in binding arbitration. (Id. at p. 79). The O&T Labor Agreement indicates that "[i]nsurance benefits are currently provided for pursuant to a separate agreement between the Corporation and the Union." (Id.). Neither of the parties points the Court to any written definition of "Insurance Agreement" in the O&T Labor Agreement, or to any separate agreement that bears the same name.

Plaintiff contends that the "Insurance Agreement" referred to in Articles XV and XVI of the O&T Labor Agreement is an agreement that has not been reduced to writing. (Doc. 1, ¶¶ 9, 14). Plaintiff argues that, by referencing a separate Insurance Agreement in their labor agreement, the parties "expressed their intention to be bound by the standard provisions of the insurance agreement applicable to other Company employees, the Master Insurance Agreement." (Doc. 1, ¶ 15).[1] Although somewhat confusing from the wording of the Complaint itself, Plaintiff states that it does not argue that the Master Insurance Agreement directly applies to O&T workers, or that a later oral agreement modified that document to broaden its coverage to include O&T workers. (Pl.'s Resp., Doc. 11 at pp. 15-16). Rather, Plaintiff appears to argue that "the missing [unwritten] O&T Insurance Agreement is specifically referred to in the O&T [Labor Agreement] and that the parties intended its duration *to mirror the well understood terms of the Master Insurance Agreement*." (Doc. 11 at pp. 15-16 (emphasis added)).

---

[1] The "Master Insurance Agreement" referred to by Plaintiff is the "PIB Program of Insurance Benefits" affiliated with the "Master Basic Labor Agreement," which, Plaintiffs concede, does not cover O&T employees. (Doc. 1, ¶ 14).

2

The Master Insurance Agreement includes what Plaintiff refers to as "lag dates," which "extend[] the substantive benefits of the insurance agreement beyond the expiration date of its associated" labor agreement. (Doc. 1, ¶ 19). The Master Insurance Agreement provides that it "shall remain in effect until November 30, 2015." (Doc. 1-10 at pp. 192-93). As the terms of the parties' alleged unwritten O&T Insurance Agreement mirror the terms of the Master Insurance Agreement, Plaintiffs argue that a health insurance "lag date until November 30, 2015 is applicable to employees covered by the O&T [Labor Agreement] and its associated Insurance Agreement." (Id. at ¶ 22).

As stated *supra*, the O&T Labor Agreement expired on June 30, 2015. On August 15, 2015, Defendant locked out its unionized employees. (Id. at ¶ 26). Defendant terminated health insurance benefits for O&T employees on September 1, 2015, two months past the expiration of the O&T Labor Agreement. (Mot. to Dismiss, Doc. 4, at ¶ 3). Plaintiff believed that it was a party to a separate Insurance Agreement containing lag dates, ensuring the O&T employees health insurance coverage until November 30, 2015. (Doc. 1, ¶ 28). It filed a grievance in accordance with Article XV of the O&T Labor Agreement. (Id.). When the conflict failed to resolve, Plaintiff demanded that Defendant engage in an expedited binding arbitration; Defendant denied the grievance and refused to participate in arbitration. (Id. at ¶¶ 29-30).

Plaintiff brings the instant suit seeking a Court order compelling arbitration (Count I) and, in the alternative, relief for breach of contract (Count II). (Id. at ¶¶ 23-40). Defendant filed a Motion to Dismiss for failure to state a claim. (Doc. 4).

**ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When faced with a motion to dismiss, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Plaintiff, in its Complaint, asks the Court to compel arbitration. (Doc. 1 at ¶¶ 23-36). Before compelling arbitration pursuant to the Federal Arbitration Act ("FAA"), a court must determine that: "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009). As no one disputes the validity of the O&T Labor Agreement, the relevant question is whether the instant dispute falls within the scope of the arbitration provision set forth at Article XV of that document.

Article XV makes clear that "[t]he following procedure shall apply only to disputes concerning the Insurance Agreement, including the Program of Insurance Benefits. . ." (Doc. 1-3 at p. 77). Plaintiff alleges in the Complaint that the relevant O&T Insurance Agreement was not reduced to writing. (Doc. 1 at ¶ 9). Defendant argues that Appendix O of the O&T Labor Agreement (Doc. 1-5 at pp. 147-152), which sets forth Union 1196-1's benefits including health care, prescription drugs, vision, and dental, constitutes the "Insurance Agreement" between the parties. Defendant further argues that additional written summary plan descriptions supplement the O&T Labor Agreement and Appendix O. (Doc. 5 at pp. 15-16). Defendant contends that Plaintiff's position requires the Court to endorse an oral modification of written ERISA documents in contravention of governing law.

The Court of Appeals for the Third Circuit has held that "the requirement of 29 U.S.C. § 1102(a)(1) that all ERISA plans be written prevents an unwritten amendment from being an

4

enforceable part of an ERISA plan." Hamilton v. Air Jamaica, 945 F.2d 74, 77 (3d Cir. 1991) (citing Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155 (3d Cir. 1990)). "[E]ven if an oral amendment of an ERISA plan would increase employee benefits, ERISA does not provide for the enforcement of that amendment because it is not part of the plan." Id. at 78 (internal citations omitted). "Congress, in passing ERISA, did not intend that participants in employee benefit plans should be left to the uncertainties of oral communications in finding out precisely what rights they were given under their plan." Id. at 77 (internal citations omitted).

Plaintiff argues that the instant action does not pertain to an alleged violation of an ERISA document, but is rather a contract claim pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. (Doc. 11 at p. 13). The Court is not persuaded by this characterization of the instant claim. ERISA recognizes two types of employee benefit plans: pension plans and welfare plans. Deibler v. Local Union 23, 973 F.2d 206, 209 (3d Cir.1992). In general, welfare plans provide "medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment. . . ." 29 U.S.C. § 1002(1). Plaintiff alleges that the unwritten O&T Insurance Agreement mirrors the terms of the Master Insurance Agreement. (Doc. 11 at pp. 15-16). If that is the case, said agreement pertains to health insurance coverage and clearly is an ERISA welfare plan "document."[2] Whether or not Defendant breached any lag date provision contained in that unwritten agreement, indeed, constitutes a dispute over an ERISA document as characterized by Defendant in its briefing.

---

[2] Although not dispositive, the Court notes that Master Insurance Agreement, which allegedly is identical in substance to the unwritten O&T Insurance Agreement, explicitly states that "[t]his booklet is the summary plan description required by the Employee Retirement Income Security Act of 1974 (ERISA). . ." and that the plans under which benefits are provided "are welfare benefit plans as defined by ERISA." (Doc. 1-7 at pp. 2-3).

5

Plaintiff argues that even when interpreting ERISA plans, ordinary principles of contract law control. (Doc. 11 at p. 13 (citing M&G Polymers USA, LLC v. Tackett, 135 S.Ct. 926, 933 (2015)). However, the Supreme Court is clear that "[w]e interpret collective-bargaining agreements, including those establishing ERISA plans, according to ordinary principles of contract law, *at least when those principles are not inconsistent with federal labor policy*." M&G Polymers, 135 S.Ct. at 933 (emphasis added). Federal labor policy requires that ERISA documents, and any amendments thereto, be written. Hamilton v. Air Jamaica, 945 F.2d 74, 77.

Plaintiff concedes that the "O&T Insurance Agreement" has not been reduced to writing. The Court concludes that said agreement is an unwritten ERISA document, and therefore is unenforceable. The Court further concludes that the instant dispute necessarily fails to fall within the provisions of the arbitration clause at Article XV of the O&T Labor Agreement, and Plaintiff has failed to state a basis to compel arbitration. Further, as the "O&T Insurance Agreement" is unenforceable, Plaintiff's breach of contract claim also fails as a matter of law.

## II. ORDER

For the reasons stated above, IT IS ORDERED that Defendant's Motion to Dismiss (Doc. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed with prejudice.

IT IS SO ORDERED.

February 9, 2016                                          s\Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record